UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
_____

IN RE: BERNARD R. BERLOW and         : Chapter 7
      SARINA C. BERLOW,              :
            Debtors                 : Case No. 5-00-04223
_____

WILLIAM G. SCHWAB, TRUSTEE           :
      FOR THE ESTATE OF              :
        BERNARD R. BERLOW and        : Adv. No.
      SARINA C. BERLOW               :
           Plaintiff                    :
    vs.                                  :
BERNARD R. BERLOW and                :
SARINA C. BERLOW                     :
           Defendants                   :

## COMPLAINT TO OBJECT TO DISCHARGE UNDER SECTION 727

The Trustee in the above-captioned matter objects to the discharge of the Defendants under Section 727 of the Bankruptcy Code and alleges as follows:

1. The Debtors filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code on November 29, 2000.

2. On January 25, 2001, the Debtors filed their Schedules and Statement of Financial Affairs. True and correct copy of Debtors' Petition and Schedules are attached hereto and made a part hereof as Exhibit "A".

3. The Debtors' original Schedule A listed several properties, which included the Debtors' primary residence at 338 Columbia Avenue, Palmerton, PA, and a Condo in Kihei Bay, Hawaii, owned solely by the husband Debtor.

4. On Debtors' original Schedule C, the Debtors claimed no exemptions.

5. During the pendency of the Chapter 13 case, the Debtors filed several Motions to Sell Real Estate concerning the properties listed on Schedule A.

6. More specifically, on September 12, 2001, a motion to sell the property at 715 S. Kiehei Road, Kihei, Hawaii was filed.

7. On October 25, 2001, the Order granted the Debtors' Motion to sell the property in Hawaii.

8. Pursuant to the Bankruptcy Code and Order of Court, the net proceeds of the sale in the amount of $18,010.73, were to be turned over to the Chapter 13 Trustee for the benefit the estate since no exemptions were taken in said property.

9. At no time did the Debtors turnover the proceeds of the sale, but rather, they dissipated the funds, which included transferring monies to the Debtors' bankruptcy counsel.

10. On February 13, 2004, the Debtors filed an Amended Schedule C, in which the Chapter 13 Trustee and the United States Trustee filed objections.

11. On February 26, 2004, the Debtors case was converted to Chapter 7.

12. Thereafter, William G. Schwab, Esquire was duly appointed as the Chapter 7 Trustee.

13. On March 8, 2004, the Debtors filed a Motion to Reconsider the Order converting the case.

14. On March 19, 2004, the United States Trustee filed an objection to Debtors' Motion concerning the reconsideration of the Order converting the case to Chapter 7.

15. On March 23, 2004, the Debtors filed an Amended Schedules A through J.

16. On the Amended Schedule C, the Debtors claim an exemption in the real estate proceeds concerning the sale of the property in Hawaii, as well as an exemption in their primary residence.

17. On March 31, 2004, the Chapter 13 Trustee filed an Objection to the Amended Schedule C.

18. Upon a review of the Debtors' Amended Schedule C, the Debtors are using the current 2004 exemption amounts in an attempt to receive a claim in exemption that is not permissible. In addition, the Debtor are using the current 2004 value of the residence, rather than the value at the time of filing. For instance, the Debtors list the value of the property as $155,000, however, they further admit that the value in 2000 was only $126,000.00.

19. On the Debtors' Amended Schedule C, Debtors attempt to claim an exemption under 11 U.S.C. § 522 (d)(5) in the amount of $14,074.00 for the proceeds of the sale of the Hawaii property, even though they have spent said funds.

20. During the pendency of the bankruptcy, the Debtors have disregarded an Order of Court, and dissipated an asset of the estate in an amount in excess of $18,000.00.

21. Based upon the above, the Trustee is unable to conduct an adequate investigation of the potential assets of the Debtors for the creditors.

22. The Debtors' refusal to follow the Order of Court concerning the proceeds of the sale of property, and neglect in providing accurate information concerning their assets to the Trustee, has prevented the Trustee from efficiently administering the assets of the Estate for the benefit of the creditors.

23. The Debtors' failure to provide truthful Petition and Schedules, and failure to turnover estate property, despite their duty to do so, is such that they have concealed, and dissipated property of the Estate after the date of filing, in that the Debtors' Petition, Schedules and related documents do not accurately reflect their case under Chapter 7.

24. The Debtors' dissipation of certain assets, from which the assets and financial condition of the Debtors may be ascertained, is without cause.

25. The Debtors' direct transfer of assets, such as the real estate proceeds, during the pendency of the bankruptcy without notice or approval by the Trustee, is without cause, and has harmed the financial condition of the Debtors' estate.

26. The Debtors knowingly and fraudulently in connection with the case made a false oath or account of the assets of the Estate.

27. The Debtors knowingly and fraudulently in connection with the case dissipated assets of the Estate.

28. The Debtors knowingly and fraudulently refused to obey a lawful order of the Court, when they refused to turn over the proceeds of the sale of real estate.

29. As set forth under §727(a)(4), the Debtor should be denied a discharge as a result of his knowing attempt to conceal an asset in an effort to defraud his creditors.

30. Debtors also deliberately dissipated the asset with the intent to hinder, delay or defraud their creditors.

31. As set forth under §727(a)(2), the Debtors should be denied a discharge as a result of their attempt to conceal, transfer and dissipated an asset with intent to hinder, delay or defraud their creditors.

32. As set forth under §727(a)(6), the Debtors should be denied a discharge as a result of their actions in disobeying a lawful order of the court, and bankruptcy code

provisions, in as much as they refused to turnover the proceeds they received from the sale of Estate property.

WHEREFORE, the Trustee prays this Honorable Court deny the discharge of the Debtors and charge the Debtors with the cost of the Trustee's filing and prosecution of said Complaint.

**WILLIAM G. SCHWAB AND ASSOCIATES**

BY: _s/ Michelle Wolfe_
**MICHELLE WOLFE, ESQUIRE**
Attorney I.D. No. 81524
811 Blakeslee Blvd. Drive East
PO Box 56, Lehighton, PA 18235
(610) 377-5200    (610) 377-5209 Fax

6-7-04-mw-Berlow\8569-2.21